UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEE WALTH and JANET WALTH, husband and wife and the marital community comprised thereof,<br><br>Plaintiff,<br><br>v.<br><br>STAPLES THE OFFICE SUPERSTORE, LLC; STAPLES, INC; SPAR MARKETING FORCE, INC; and JOHN DOES 1-5,<br><br>Defendants. | NO: 2:17-CV-323-RMP<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

BEFORE THE COURT is Plaintiffs' Motion to Remand this matter to state court, ECF No. 4. The Court has reviewed the motion and all relevant filings, and is fully informed.

## BACKGROUND

Plaintiffs Lee and Janet Walth ("the Walths") filed a civil tort action in Spokane County Superior Court against Staples the Office Superstore, LLC; Staples, Inc.; Spar Marketing Force, Inc.; and John Does 1-5 (collectively, "Defendants").

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO REMAND ~ 1

ECF No. 1-2. On September 15, 2017, Defendant Spar Marketing Force removed the action to federal court pursuant to diversity jurisdiction. ECF No. 1. On October 9, 2017, the Walths filed this motion[1] to remand the matter to the Spokane County Superior Court on the ground that all named Defendants had not consented to removal. ECF No. 4. On October 12, 2017, the other named Defendants, Staples the Office Superstore, LLC, and Staples, Inc., joined Defendant Spar Marketing Force in removing the action to federal court.

## DISCUSSION

Defendant Spar Marketing Force filed its Notice of Removal pursuant to 28 U.S.C. § 1441(a), which provides that defendants may remove a civil action brought in a State court to the federal district court embracing the place where the action is pending. Spokane County Superior Court is within the Eastern District of Washington, where this Court sits.

The federal district court must have original jurisdiction over the action. § 1441(a). Defendant Spar Marketing Force filed its Notice of Removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), asserting that the amount in controversy exceeds $75,000 and that the Walths are citizens of a different state than all named Defendants. ECF No. 1, at 2-3. The Walths' complaint seeks damages

---

[1] Although Plaintiffs filed this motion ex parte, the Court finds that there is no basis for considering this motion appropriate for ex parte filing.

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO REMAND ~ 2

for medical expenses, loss of earnings, loss of future earnings, pain and suffering, and loss of consortium, which the Court concludes exceeds the $75,000 mark for diversity jurisdiction cases. ECF No. 1-2, at 4.

In addition, section 1441 provides that, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." § 1441(b). Therefore, the citizenship of the John Does 1-5 is immaterial to this motion. The Walths are citizens of Spokane County, Washington. ECF No. 1-2, at 2. Defendant Spar Marketing Force is a Nevada domestic corporation with its principal place of business in Michigan. ECF No. 1, at 2. Defendants Staples the Office Superstore and Staples, Inc., are Delaware business entities with their principal place of business in Massachusetts. *Id.* Therefore, the parties are diverse for the purposes of § 1332(a).

The Walths seek to remand the action to State court on the ground that not all Defendants had consented to removal as required by 28 U.S.C. § 1446(b)(2)(A). When an action is removed under § 1441(a) all properly joined and served defendants are required to join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). If all defendants have not joined the petition for removal when it is filed, "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (citing *Soliman v. Philip Morris Inc.*, 311

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO REMAND ~ 3

F.3d 966, 970 (9th Cir. 2002)). The Court finds that Defendants have cured the procedural defect because Defendants Staples the Office Superstore and Staples, Inc., the only named Defendants, have joined in the notice of removal. ECF No. 5.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion to Remand, **ECF No. 4**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to Plaintiffs.

**DATED** October 16, 2017.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge