FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEE WALTH and JANET WALTH, husband and wife and the marital community comprised thereof,<br><br>Plaintiff,<br><br>v.<br><br>STAPLES THE OFFICE SUPERSTORE, LLC; STAPLES, INC; SPAR MARKETING FORCE, INC; and JOHN DOES 1-5,<br><br>Defendants. | NO: 2:17-CV-323-RMP<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND REMAND THIS ACTION TO STATE COURT |

Before the Court is Plaintiffs' Motion to Amend the Complaint and Remand this Action to State Court, ECF No. 17. The Court held a telephonic hearing on the motion on January 26, 2018. Dean Swanson appeared on behalf of Plaintiffs. Alison Markette appeared on behalf of Defendant Spar Marketing Force, Inc., and John Bender appeared on behalf of Defendant Staples. The Court has considered the parties' arguments, their pleadings, and the record, and is fully informed.

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND REMAND THIS ACTION TO STATE COURT ~ 1

## BACKGROUND

Plaintiffs Lee and Janet Walth ("the Walths") filed a civil tort action in Spokane County Superior Court against Staples the Office Superstore, LLC; Staples, Inc.; Spar Marketing Force, Inc.; and John Does 1-5 (collectively, "Defendants"). ECF No. 1-2. Defendant Spar Marketing Force ("Spar") subsequently removed the action to federal court pursuant to diversity jurisdiction. ECF No. 1. The Walths moved to remand the matter to the Spokane County Superior Court. ECF No. 4. This Court denied that motion. ECF No. 7.

Mr. Walth alleges that he fell from an Eckert office display chair at a Staples store in Spokane, WA, and suffered injuries. ECF No. 1-2 at 3. At the time of Mr. Walth's alleged incident, Defendant Spar provided merchandizing services at Staples stores, including assembling, inspecting, and repairing display furniture. ECF No. 18-7 at 4. During that same time frame, Mr. Ande Udby worked for Spar as an independent contractor, performing the merchandizing services at the Staples store where the incident occurred. *Id.* at 4-5. The Walths alleged that Mr. Udby negligently assembled the display chair and that, either through an agency relationship or a right of retained control, Staples and Spar, and their parent companies, were responsible for Mr. Udby's conduct. ECF No. 18-1 at 8, 10.

The Walths now move to amend their complaint to join the following additional defendants: Spar Business Services, Inc., Spar Administrative Services,

Inc. (collectively, "Spar Companies"), and Ande Udby.[1] ECF No. 17 at 5. Provided the Court grants the Walths' motion to amend and allows the joinder of Mr. Udby, diversity jurisdiction would be destroyed, and this court would lose jurisdiction over this case. Therefore, the Walths simultaneously move to remand this case to the Spokane County Superior Court. *See* ECF No. 17 at 5.

## DISCUSSION

### *Legal Standard to Amend Complaint*

The Walths moved to amend their complaint more than 21 days after the Defendants filed their Answer. *See* ECF Nos. 3 and 17. Therefore the Walths are not entitled to amendment as of right under Civil Rule 15(a)(1), and must instead obtain leave of the Court to amend pursuant to Civil Rule 15(a)(2). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although Rule 15 allows courts to liberally grant leave to amend complaints, a district court "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

---

[1] The Walths moved to join Ande Udby and the Spar Companies. ECF No. 17 at 5. However, the Walths abandoned the joinder of Spar Group, Inc., and Spar Acquisition, Inc. ECF No. 43 at 8-9.

delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dailysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Courts may deny a motion to amend a complaint if doing so would be futile." *Haley v. TalentWise, Inc.*, 9 F. Supp. 3d 1188, 1195 (W.D. Wash. 2014), *reconsideration denied*, No. C13-1915 MJP, 2014 U.S. Dist. LEXIS 56844 (W.D. Wash. Apr. 23, 2014) (citing *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001)).

Because the Walths move to join additional defendants in their amended complaint, the Court will consider the issue of joinder before it makes its determination regarding the Walths' motion to amend and remand.

***Legal Standard for Joinder of Defendants***

Federal Rule of Civil Procedure 20(a)(2) provides that persons

> may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

The parties do not dispute that the relief asserted against Ande Udby and the Spar Companies arises out of the same transaction or occurrence. Nor do the parties dispute that any question of law or fact common to all defendants will arise in the action. Defendants argue that joinder is not necessary because Mr. Udby does not have insurance coverage and that all liability could be sustained by Spar and Staples under theories of respondeat superior.

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND REMAND THIS ACTION TO STATE COURT ~ 4

*Joinder of Spar Companies*

The Walths argue Spar Business Services, Inc., and Spar Administrative Services, Inc., are liable for fault on the part of any conduct by Spar merchandizing personnel. ECF No. 43 at 8. The Walths also argue that the joinder of Spar Business Services, Inc., and Spar Administrative Services, Inc., is necessary for the Walths to obtain complete relief in this matter.

Defendants argue that the joinder of Spar Business Services, Inc., and Spar Administrative Services, Inc., does not serve the needs of justice because the Walths have not demonstrated that they have valid claims against Spar Business Services, Inc., and Spar Administrative Services, Inc.; that the mere existence of contractual relationships between Defendants and the putative defendant is insufficient to establish a claim in this personal injury action; and that joinder will only create unnecessary delay in the resolution of this action. ECF No. 24 at 4.

The Court finds that Plaintiffs have satisfied the joinder requirements of Fed. R. Civ. P. 20(a)(2) with regards to Spar Business Services, Inc., and Spar Administrative Services, Inc. Plaintiffs' claims regarding the liability of Spar Business Services, Inc., and Spar Administrative Services, Inc., arise out of the same transaction or occurrence that forms the basis for the present litigation, and common questions of law and fact appear to arise for all defendants. In addition, the proposed amended Complaint includes sufficient allegations to support plausible claims against those defendants. Therefore, the Court grants Plaintiffs'

motion to amend their complaint by joining Spar Business Services, Inc., and Spar Administrative Services, Inc.

*Joinder of Ande Udby*

The Walths also move to join Ande Udby, who worked as an independent contractor for Spar providing merchandizing services at the Staples store where the incident took place during the relevant time period. The parties do not dispute that Ande Udby is a Washington resident whose joinder would destroy diversity.

Motions to join non-diverse defendants fall under 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The decision whether to permit a plaintiff to join a non-diverse party is committed to a federal district court's sound discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

District courts in the Ninth Circuit consider the following factors as part of their joinder analysis:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND REMAND THIS ACTION TO STATE COURT ~ 6

*Falcon v. Scottsdale Ins. Co.*, 2006 U.S. Dist. LEXIS 58458, *4-5 (E.D. Wash. Aug. 21, 2006).

Under the first factor, in support of joinder, the Walths argue that joining Mr. Udby as a defendant is necessary and should be joined under Fed. R. Civ. P. 19(a), because in his absence the Court could not accord complete relief among the existing parties. ECF No. 17 at 8-9; *see* Fed. R. Civ. P. 19(a) ("A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties . . . ."). Defendants argue that Mr. Udby has no personal insurance and is not required for the Walths to obtain complete relief. ECF No. 24 at 8. Defendants further argue that Mr. Udby should not be joined as a defendant in this action because he acted as an agent of Spar and Spar is not allocating any fault to Mr. Udby. ECF No. 24 at 8; ECF No. 31.1 at 9.

The Court finds that Mr. Udby is needed for the just adjudication of this matter. Evidence submitted demonstrated that Mr. Udby acted as an agent of Spar, and that Mr. Udby was responsible for assembling, repairing, and inspecting display furniture in the Staples store where the incident at issue took place. Although Defendants have stated that Spar would have vicarious liability for Mr. Udby's conduct, the Court finds that at this point in the litigation, Spar's assertions of liability may be undermined by later motion practice.

Plaintiffs also argue that it is important to have Mr. Udby present as a defendant if the case should go to trial to avoid the appearance of an "empty chair," and the Court agrees. Regardless of the "empty chair" argument, the Court finds that Plaintiffs are entitled to present a cohesive argument in their case-in-chief, including Mr. Udby's potential involvement in the maintenance and inspection of the display chair at issue. The Court finds that the first factor considering whether the proposed defendant is needed for just adjudication weighs in favor of joinder.

Regarding the second factor addressing whether the statute of limitations precludes an original action against the proposed defendant, the Walths argue that the fact that the statute of limitations for their claims expires on February 7, 2018, favors joinder. ECF No. 17 at 9. Defendants contend that the statute of limitations has not yet run, and thus the Walths are not precluded from bringing an action in state court against Mr. Udby. ECF No. 27 at 8. The Court finds that although the statute of limitations does not preclude Plaintiffs from initiating an original action against Mr. Udby, there is not much time remaining for Plaintiffs to commence such an action. This factor does not weigh heavily in favor of joinder in this case, but neither does it prohibit joiner.

Pursuant to the third factor relating to unexplained delay, the Walths assert that they have acted promptly and that there has been no unexplainable delay that would weigh against joinder. ECF No. 17 at 9. Defendants do not dispute this claim. Plaintiffs promptly acted when they received discovery indicating the

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND REMAND THIS ACTION TO STATE COURT ~ 8

existence of additional potential defendants, and considering the statute of limitations date of February 7, 2018, the Court finds the timing of this motion appropriate. The facts regarding this factor weigh in favor of joinder.

Addressing the fourth factor regarding the motivation for joining a non-diverse defendant, the Walths argue that they did not move to join Mr. Udby to defeat diversity jurisdiction. ECF No. 17 at 10. Defendants disagree. Defendants argue that the Walths prematurely moved to join Mr. Udby to destroy diversity jurisdiction, thereby requiring remand to state court. ECF No. 24 at 6. Defendants argue that Walths previously attempted and failed to have the case remanded. *Id.* Defendants further argue that Spar's discovery shows that Mr. Udby did not assemble the display chair involved in the incident. *Id.* at 7-8. The Walths argue that the absence of Mr. Udby in the federal litigation will prevent the just adjudication of this matter, and that denying the joinder of Mr. Udby will force the Walths to pursue dual litigation in state and federal courts. The Court agrees. The Court finds that the Walths did not move to amend their complaint by adding Mr. Udby solely to destroy diversity jurisdiction. Therefore, this factor weighs in favor of joinder.

The Court also finds that the fifth factor, whether the claims against the new defendants appear valid, weighs in favor of joinder in this case. At oral argument, Defendants conceded that Mr. Udby had responsibilities at the Staples store through Spar that directly relate to the issues in this matter. The Court finds that the Walths

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND REMAND THIS ACTION TO STATE COURT ~ 9

have alleged sufficient facts that there is potential liability against Mr. Udby. Defendants' main contentions, which they maintained at oral argument, are that Spar could assume full liability for Mr. Udby's conduct and that Mr. Udby lacks personal insurance. The Court finds Defendants' arguments premature at this early stage in the litigation.

Regarding the sixth factor, which considers prejudice to the plaintiff if joinder is denied, the Walths argue that denial of joinder would prejudice the Walths by requiring them to pursue dual state and federal litigation. ECF No. 17 at 10. Defendants contend that no party will be prejudiced by denying joinder because adding Mr. Udby will have no effect on the Walths' ability to recover for their alleged damages arising out of this incident. ECF No. 24 at 8.

Defendants cite a Ninth Circuit case holding that a plaintiff is not unduly prejudiced in the absence of a putative defendant where the plaintiff can subpoena the new defendant or pursue an action against them in state court. *See Newcombe*, 157 F.3d at 691 (upholding district court's finding of no undue prejudice where the money damages sought could be fully satisfied by the other defendants, the plaintiff could subpoena the putative defendant to testify at trial, and the plaintiff could pursue an action against the putative defendant in state court). Defendants contended at oral argument that the Walths are simply forum-shopping.

The Court considers the prejudice to Plaintiffs if joinder is denied as being significant in litigation efforts and expenses by having to pursue parallel litigation.

In comparison, joinder merely requires the Defendants to litigate in state rather than federal court. Defendants argue that they will be prejudiced by the joinder of Mr. Udby and subsequent remand to state court because they have invested time in preparing for the federal court litigation of this matter. However, Defendants' preparation should be equally valuable to state court litigation as federal court litigation. The Court finds that the prejudice to the Walths if joinder is denied, requiring the Walths to maintain parallel state and federal lawsuits, weighs in favor of granting joinder in this matter.

Taking all of these factors into consideration, the Court grants the Walths' motion to amend their complaint by joining Mr. Udby and others as defendants and supplementing their claims and factual allegations. The Court is confident that the Washington state court will provide a just forum for this litigation, including for out-of-state litigants.

Because the Court has granted the Walths' motion regarding Mr. Udby and the other Spar entities, the Court's subject matter jurisdiction is destroyed. Therefore, the Court remands the case to the Spokane County Superior Court for adjudication.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Amend, **ECF No. 17**, is **GRANTED**.

2. The Court grants Plaintiff's motion to amend regarding the joinder of Ande Udby, Spar Business Services, Inc., and Spar Administrative Services,

Inc., as defendants in this matter, as well as amendment to include additional claims and allegations.

3. In light of the amendment of the complaint, Defendants' Motion to Dismiss for Failure to State a Claim, **ECF No. 16**, is **DENIED as MOOT**.

4. This case is **REMANDED** to the Spokane County Superior Court.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** January 29, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge